UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOCELYN COLON,

                Plaintiff,

       v.

HY SUPPLIES, INC.,

                Defendant.

No. 22 CV 05915

Judge Manish S. Shah

## ORDER

Plaintiff's motion to dismiss with prejudice [49] is granted on the condition that plaintiff pay defendant's costs as required by Rule 54 and 28 U.S.C. § 1920, but that the parties bear their own attorney's fees. Defendant's motion to strike [62] is denied. Defendant's motion to strike additional facts and argument [59] is granted. Plaintiff must file a notice either accepting the court's condition on the voluntary dismissal or withdrawing the motion by June 4, 2024. If plaintiff withdraws the motion, the stay on discovery will be lifted and the court will address the discovery disputes and enter a new scheduling order. If plaintiff accepts the court's condition, the clerk will enter judgment, and defendant must comply with Local Rule 54.1 for any bill of costs. *See* Statement for details.

## STATEMENT

Plaintiff Joceyln Colon brought this case against defendant HY Supplies, Inc. alleging that the company's website was inaccessible to blind users. The parties are in discovery and temperatures are running high. Colon moves to dismiss her complaint with prejudice under Federal Rule of Civil Procedure 41(a)(2), with each party bearing their own costs and fees. HY opposes the motion and wants the dismissal contingent on Colon paying its costs and attorney's fees incurred in defending this action.

## I.    Background

Plaintiff Jocelyn Colon is blind and uses a screen reader to access visual content on the internet. [1] ¶¶ 8, 12.[1] Colon filed this lawsuit against defendant HY

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. When a document has numbered paragraphs, I cite to the paragraph, for example [1] ¶ 1.

Supplies, Inc. alleging that its website was not accessible to blind users. [1]. I denied HY's motion to dismiss, [28], and the parties should be wrapping up discovery, *see* [36].

Things aren't going well. The parties accuse each other of improper behavior, calculated delay, and bad faith. *See, e.g.,* [52] at 6–7; [61] at 10–11; [49-1]; [49-2]; [61-3]; [61-4]. HY has filed multiple motions related to discovery disputes, as well as motions for summary judgment and for judgment on the pleadings. [26]; [37]; [39]–[40]; [42]; [44].

Colon now moves to dismiss the case with prejudice under Rule 41(a)(2) with each party to bear their own costs and fees. [49]. She says she is no longer interested in pursuing the litigation for two main reasons. First, HY's "unreasonable insistence that [she]—blind and mobility-disabled—travel to attend her deposition in person, turn over her iPhone and computer to Defendant's counsel, [and] respond to invasive and irrelevant discovery requests requiring production of copious medical records." [49] at 2. Second, HY has represented that it does not have the financial means to settle the case on terms acceptable to Colon. [49] at 5–6.

HY opposes Colon's proposed conditions on the dismissal and seeks attorneys' fees and costs. [52]. It argues that it has a right to discovery and speculates that discovery will reveal Colon's case to be frivolous. [52] at 7. HY presents an unauthenticated, cropped screenshot from Google analytics allegedly showing that Colon did not visit HY's website on the day she says she did, and an accessibility expert's report on the site stating that the expert could not replicate the barriers alleged. [52] at 9–10; [52-11]; [54-1].

## II. Analysis

### A. Motions to Strike

HY moves to strike Colon's corrected reply brief, [61], which she filed after the end of the briefing schedule without court permission. [62]. While Colon's amended brief was filed outside the briefing schedule, HY was not prejudiced by the tardy revisions. Colon's counsel submitted a corrected affidavit "to clarify and correct certain dates" that were incorrect in her original declaration. [61-4] ¶ 1. These changes related to communications between counsel are ultimately irrelevant to this opinion. HY's motion to strike, [62], the corrected reply brief is denied.

HY also moves to strike new arguments and facts that Colon asserts in her reply brief. [59]. HY specifically objects to Colon's request for Rule 11 sanctions, an unsworn letter from Colon's doctor affirming her medical condition; audit results and a report by Colon's accessibility expert; and exhibits attached to the affidavits of Colon's counsel. [59] at 2–3. "It is well-settled that new arguments cannot be made for the first time in reply. This goes for new facts too. *Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989) (citations omitted). Raising new facts and arguments on reply

deprives the opposing party of a meaningful chance to respond. *Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998). HY's motion to strike additional facts first raised in Colon's reply brief is granted. I do not consider those facts on this motion. Colon's request for Rule 11 sanctions against HY is also denied. *See* [61] at 11–12. Colon has not complied with Rule 11(c)(2)'s requirements to bring a sanctions motion. *See* [59] at 2.

### B.  Motion to Dismiss

Voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) is allowed at the district court's discretion and "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008). A court abuses its discretion to grant voluntary dismissal "only if the defendant shows that she will suffer 'plain legal prejudice.'" *Kunz*, 538 F.3d at 677. To ensure that the defendant is not prejudiced, courts consider four non-exhaustive factors: the "defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Id.* at 677–68 (quotation omitted).

Three of the four factors weigh in favor of dismissal here. While HY argues that it has incurred over $30,000 in fees and costs and hired a consulting company to bring its website into compliance, [52] at 2–3, the effort and expense of trial preparation undertaken is minimal. The delays in the prosecution of this action have not been unusual. HY points to alleged delays in the discovery process. [52] at 6–7. But both parties place blame on the other for these delays. *See id.*, [61] at 10. Colon was diligent in prosecuting her claims. Colon's reasons for seeking dismissal (privacy-related discovery concerns and HY's inability to pay damages) are sufficient. [49] at 2–3, 5–6; [61] at 9. While HY has filed a motion for summary judgment, it admits that it did so prematurely while its motion to dismiss was pending. *See* [52] at 9; *see also Simons v. Fox*, 725 F. App'x 402, 406 (7th Cir. 2018) (holding the pendency of a motion for summary judgment was not enough to show prejudice when other pending issues delayed consideration of the motion).

HY also argues that it will be legally prejudiced if its pending discovery motions are not adjudicated, stating that it has a right to conduct discovery into Colon's claims. [52] at 7. HY speculates that Colon seeks dismissal to hide that her claims are frivolous. [52] at 9. But HY has admitted that its website was not ADA-compliant at the time Colon filed her lawsuit. *See, e.g.,* [19] at 14 (HY sought "judicial notice of Defendant's website to see that … inaccessible content no longer exist[s]"); [52] at 3 ("Defendant had, in response to the complaint about inaccessibility, hired a third-party ADA website accessibility consulting company … to bring the website into compliance"). HY's speculation that Colon's claim is frivolous, when its reaction to the complaint was to change its website, does not show that HY will face plain legal

3

prejudice. Further, Colon is seeking dismissal with prejudice. HY will face no threat of renewed litigation, which lessens any risk of prejudice. HY will have won the case.

### C.    Attorney's Fees

HY argues that a dismissal with prejudice will entitle it to attorney's fees under the ADA's fee-shifting provision, 42 U.S.C. § 12205. [52] at 8–9. The ADA provides that a court, "in its discretion, may allow the prevailing party … a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12250. "Fee shifting under the ADA, like other civil rights statutes, is asymmetric: Fees should be awarded to prevailing plaintiffs as a matter of course, but prevailing defendants should recover only when forced to litigate claims that are frivolous, unreasonable, or pursued in bad faith." *Sanglap v. LaSalle Bank, FSB*, 345 F.3d 515, 520 (7th Cir. 2003).

Under the ADA, the "prevailing party" is one that has been granted relief by a court. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001). A party cannot be a prevailing party without receiving some sort of "judicial imprimatur" on the charge. *Id.* at 605. A litigant "prevails" (for the purpose of fee-shifting statutes) when it obtains a "material alteration of the legal relationship of the parties." *Id.* at 604.

Dismissal with prejudice, even when voluntarily sought by plaintiff, materially alters the legal relationship of the parties. *Cf. Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008) (holding a consent decree, despite no party admitting to liability and no judicial position on the merits, conferred prevailing party status under the ADA). With Colon's voluntary dismissal with prejudice, HY would be the prevailing party within the ADA's fee-shifting provision.

But HY has not shown that Colon's lawsuit was "frivolous, unreasonable, or pursued in bad faith." *See Sanglap,* 345 F.3d at 520. HY argues that its evidence contradicts Colon's claim of when she visited HY's website and any barriers that she encountered. [52] at 9–10; [54-1]. According to HY, Colon knew, or should have known, that her claim had no legal foundation because Colon did not attempt to use an available auxiliary aid (contacting customer service) when she encountered barriers. [52] at 10–11.

While it seems that Colon would face challenges proving her claim, that does not mean her case was frivolous or without any foundation. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978) ("because a plaintiff did not ultimately prevail, [does not mean] his action must have been unreasonable or without foundation"). HY suggested, by proffering evidence that it changed its website to bring it into compliance, that its website was not ADA-compliant. *See, e.g.,* [19] at 14; [52] at 3. HY's legal argument that Colon had to attempt to call customer service to have a non-frivolous claim is also unavailing. As addressed in the prior

order denying HY's motion to dismiss, the application of the auxiliary aid option is an affirmative defense. [28] at 15–17. A potentially valid affirmative defense does not negate the foundation of a plaintiff's claim. Based on the record here, I cannot say that Colon's claim was so frivolous, unreasonable, or without foundation that HY should be awarded attorneys' fees under the ADA.

### D.    Costs

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The strong presumption in favor of awarding costs is "difficult to overcome; therefore, the court must award costs unless it states good reasons for denying them." *Lange v. City of Oconto*, 28 F.4th 825, 845 (7th Cir. 2022) (quotation omitted). "Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs." *Id.* (quotation omitted).

A "voluntary dismissal with prejudice renders the opposing party a 'prevailing party' within the meaning of Rule 54." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). HY is the prevailing party. Although Colon lodges accusations of impolite and unprofessional conduct against defense counsel, the harsh posturing in litigation presented here is not misconduct worthy of a penalty. Colon has not demonstrated indigence—an inability to pay costs in the future—to overcome Rule 54's presumption. *See Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006). HY would be entitled to its costs upon a voluntary dismissal with prejudice. *See Mother & Father*, 338 F.3d at 710 (finding a district court "acted beyond its authority when it attempted to deny [defendant] its right to costs as a condition of the Rule 41 dismissal" with prejudice).

## III.    Conclusion

Plaintiff's motion to dismiss with prejudice is granted on the condition plaintiff pay defendant's costs as required by Rule 54. If plaintiff is unsatisfied with this condition, she may withdraw her motion to dismiss. *Carter v. City of Alton*, 922 F.3d 824, 826 (7th Cir. 2019) (requiring courts give plaintiff opportunity to withdraw voluntary dismissal motion prior to dismissing a case with prejudice).

If plaintiff does not withdraw her motion, final judgment will be entered, and all other pending motions will be terminated as moot. Upon entry of judgment, defendant must comply with Local Rule 54.1 for any bill of costs. If plaintiff withdraws her motion to dismiss, the court will address the parties' discovery disputes and set a new schedule to resolve the merits of plaintiff's claim.

ENTER:

_____

Manish S. Shah
United States District Judge

Date: May 28, 2024