United States District Court
For The Northern District of Illinois
Eastern Division

| | |
|---|---|
| Jocelyn Colon,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HY Supplies, Inc.,<br><br>　　　　Defendant. | No. 22 CV 05915<br><br>Judge Manish S. Shah |

### Order

Defendant's motion for reconsideration [69] is denied, and no appearance on the motion is necessary. *See* Statement for details. Plaintiff having accepted the court's condition on her voluntary dismissal, *see* [72], this case is voluntarily dismissed with prejudice, with taxable costs to be assessed against plaintiff under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. Enter judgment, terminate all other pending motions as moot, and terminate civil case.

### Statement

Defendant seeks reconsideration of my order granting plaintiff permission to voluntarily dismiss this lawsuit with prejudice, so long as plaintiff accepts a condition that plaintiff will be liable for taxable costs. *See* [68]; Fed. R. Civ. P. 41(a)(2).* Instead of winning a dismissal with prejudice, defendant would prefer to either keep litigating the case so that it can attempt to prove that the lawsuit was frivolous (and seek its attorney's fees on top of costs) or obtain an award of attorney's fees now as a condition of the dismissal with prejudice. Defendant argues that I misapplied the relevant standard and misunderstood defendant's arguments for winning its fees.

A court's conditions on a voluntary dismissal are discretionary judgment calls. I made no legal error on that front. There are no exhaustive or inflexible tests to apply when arriving at an appropriate condition that avoids plain legal prejudice to the defendant. In *Pace v. S. Exp. Co.*, 409 F.2d 331, 334 (7th Cir. 1969), the court identified some factors in a case involving a request to dismiss a case without prejudice. Those factors, while useful, do not cut in favor of finding that a dismissal with prejudice causes plain legal prejudice to defendant in this case. True, spending money on discovery and defending a case is a cost; but that cost is far more prejudicial

---

* Bracketed numbers refer to entries on the district court docket.

when a case is dismissed without finality, and without a clear win for the defense. A dismissal with prejudice is a win for the defendant, and having to incur the fees of litigation to achieve victory is not, in that case, a plain legal prejudice. Defendant says its request for attorney's fees is like a counterclaim. Not so. There is no counterclaim in this case, and I'm not convinced that it prejudices a defendant to end a case in its favor, albeit short of finding that attorney's fees should shift. Defendant and its counsel may feel it important to turn the tables on plaintiff and plaintiff's counsel. But when considering whether to deny the request from this plaintiff to drop her case with prejudice, the burden of litigation to date was not so harmful that the factor weighed in favor of denying plaintiff's request.

Defendant's argument that plaintiff was not diligent in seeking a voluntary dismissal is not persuasive. Plaintiff pursued the case and did not wait until judgment was imminent before asking to drop it. The point of this so-called second *Pace* factor is merely to guide a judge, to think about whether a plaintiff is maneuvering in a manner that should not be countenanced. But when a case has proceeded in a fairly ordinary way, with a looming discovery deadline but a ruling on the merits in no way imminent, a plaintiff who seeks a dismissal with prejudice does not present a red flag to the court—at least as I viewed things in an exercise of discretion.

Plaintiff's explanation for seeking a dismissal may be weak. As defendant points out, privacy interests could have been protected and plaintiff wasn't seeking compensatory damages (so defendant's lack of money shouldn't have been a deterrent to plaintiff's pursuit). But again, the question in this case was whether to allow plaintiff to dismiss a case with prejudice—to concede to a loss. In my view, plaintiff didn't need to come up with a compelling reason to walk away because walking away with prejudice was not imposing a significant harm on defendant. Defendant wins.

Defendant submits that I misapprehended its arguments for the frivolousness of plaintiff's complaint. Defendant's evidence from Google Analytics and its expert did suggest that plaintiff didn't visit defendant's website or could not have encountered the alleged accessibility barriers. But I did not misunderstand defendant's argument. My view was and is that defendant's evidence is not so compelling a narrative that plaintiff's sworn statement to the contrary is necessarily false. There's a dispute. It may be that plaintiff is not credible and plaintiff's counsel knew or should have known that plaintiff did not visit the site or navigate it as alleged. But on balance, that dispute doesn't suggest that defendant is entitled to a finding that plaintiff's case was frivolous, unreasonable, or pursued in bad faith. Looking through the lens of Rule 41(a)(2), and considering a proper condition for a voluntary dismissal, the strength of defendant's evidence suggested to me that a dismissal with prejudice and with costs accurately reflected a defense win on the merits.

A one-time visit to an inaccessible location can suffice to give a plaintiff standing to bring an ADA claim. *See Mosley v. Kohl's Dep't Stores, Inc.*, 942 F.3d 752, 760 (6th Cir. 2019). So defendant's argument that plaintiff's complaint necessarily lacked foundation because she visited the site one time at most is not persuasive. But defendant is right that I should not have construed some of defendant's statements to be admissions that its site was not ADA-compliant. Defendant could have been saying that its website never suffered from the flaws plaintiff alleged, and it is possible that the changes defendant made to its website were not connected to plaintiff's experience. Defendant invited my consideration of its evidence of website changes, *see* [52] at 3, so its invocation of Federal Rule of Evidence 407 rings hollow. Moreover, I did not consider defendant's statement of its website changes to *prove* culpable conduct; I considered it impeaching of any suggestion that its site was ADA compliant when plaintiff visited. Nevertheless, I do reconsider and retract my reliance on those statements. The result is no different. Defendant demonstrated that it had a strong case on the merits but not one so strong that it should be granted a dismissal with prejudice and fee-shifting.

Finally, defendant makes a fair point that a line in the earlier order is too broad. There can be cases where an affirmative defense negates the foundation of plaintiff's claim. But this case isn't one of them. The auxiliary-aid issue—if this case were pursued to its bitter end—could result in judgment in defendant's favor (and I did not resolve the merits of it). But it was not so strong that, under Rule 41(a)(2), fee-shifting was a condition of dismissal I considered to be "proper." Fed. R. Civ. P. 41(a)(2).

I don't agree that defendant has a right to pursue discovery to establish an entitlement to fee-shifting when plaintiff concedes to a dismissal with prejudice, defendant wins the case, and plaintiff will be taxed costs. Rule 41(a)(2) authorizes a court to exercise discretion and fashion proper conditions. In arriving at those conditions, I did not make so manifest an error that reconsideration is warranted.

ENTER:

                                                                              /s/ Manish S. Shah
                                                                              Manish S. Shah
                                                                              United States District Judge

Date: June 6, 2024